IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JERRY WALTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 106-40 |
| | ) |
| "PERDUE" et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, has filed a complaint under Title 42, United States Code, Section 1983. The Court allowed plaintiff to proceed *in forma pauperis*, and his complaint accordingly must be screened before process is served on defendants. Pleadings drafted by pro se litigants must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. For the following reasons, the Court recommends that plaintiff's complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

### I. BACKGROUND

Plaintiff, an inmate at Augusta State Medical Prison, makes numerous allegations in his complaint. He first alleges that Governor Sonny Perdue has not complied with Georgia

law concerning prison overcrowding. He also contends that Defendants Howerton, Donald, and Nichols have deprived him of his right to receive adequate medical attention while incarcerated. Finally, plaintiff contends that the Georgia Board of Pardons and Paroles has wrongfully denied him parole. Plaintiff has filed an informal grievance with respect to his medical attention claim, but he did not file a formal grievance concerning that claim and has not filed a grievance concerning his other claims.

## II. DISCUSSION

Under Title 42, United States Code, Section 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues." Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)); see also Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that prisoner lawsuit in which denial of grievance was not appealed must be dismissed under Section 1997e).

Under the Georgia Department of Corrections Standard Operating Procedure ("SOP") IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint

through discussion with prison staff, the administrative remedies procedure commences with the filing of an informal grievance. The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. SOP IIB05-0001 § VI(B)(12)-(13). If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5).

In this case, plaintiff concedes that he has not exhausted his administrative remedies. Doc. 6, Ex. I9. While he did file an informal grievance with respect to his medical claims, he did not file a formal grievance after the denial of the informal grievance, as SOP IIB05-0001 § VI(B)(12)-(13) requires. He has not filed a grievance with respect to any of his other claims. Because the Court finds that plaintiff has not exhausted available administrative remedies, and because the Court is without power to waive the exhaustion requirement, plaintiff's complaint should be dismissed.

3

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has not exhausted his administrative remedies. The Court accordingly recommends that the complaint be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 2nd day of May, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE